Bradley Jimmy Michael PRATASIK; Dina Karamoy; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–72076.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 16, 2008.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Bradley Jimmy Michael Pratasik, his wife and three children, all natives and citizens of Indonesia, petition for review of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review an IJ's denial of a motion for a continuance for an abuse of discretion. *See Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that petitioners' lack of serious injury, general discrimination, and harassment are insufficient to compel the conclusion that they suffered past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Substantial evidence also supports the BIA's conclusion that petitioners failed to establish an objectively reasonable fear of future persecution in light of the fact that they have similarly situated immediate family members who have remained in Indonesia unharmed. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996).

Because petitioners did not establish eligibility for asylum, it necessarily follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the agency's denial of CAT relief because petitioners have not shown that it is more likely than not that they will be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

We conclude that the IJ did not abuse his discretion in denying petitioners' motion for a continuance. *See Sandoval–Luna,* 526 F.3d at 1247. We also conclude that petitioners' due process contention lacks merit because they have not established that they were prejudiced by the denial of a continuance. *Id.*

We lack jurisdiction to review petitioners' contention that the IJ should have allowed the expert witness to testify because they failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**